## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07C 6100 | **DATE** | 11-5-07 |
| **CASE TITLE** | Larry Martin (#2006-007-5305) vs. Officer Moss, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The court authorizes and orders Cook County Jail officials to deduct $1.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, the complaint is dismissed as to the Cook County State's Attorney pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to issue summons for defendant Moss only. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#3] is denied.

■ [For further details see text below.]                                  Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Cottage Grove police officers falsely arrested him and that a Cook County State's Attorney initiated a malicious prosecution. [The plaintiff indicates that the charges were ultimately dismissed; he is currently incarcerated once again, on apparently unrelated charges.]

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook

**(CONTINUED)**

mjm

**STATEMENT (continued)**

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim against the unidentified Cook County State's Attorney who prosecuted the plaintiff. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). The State's Attorney cannot be sued under 42 U.S.C. § 1983 for initiating the criminal case and prosecuting the plaintiff.

Furthermore, there is no federal cause of action for malicious prosecution–at least where, as is the case in Illinois, state law provides a cause of action to address a malicious prosecution. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("We begin by noting that . . . [the plaintiff] may not maintain an action under § 1983 for malicious prosecution") (citing *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001)). Accordingly, the complaint is dismissed as to the Cook County State's Attorney.

However, the existence of a state tort cause of action for malicious prosecution does not preclude a Section 1983 Fourth Amendment action for wrongful arrest and detention arising from same arrest. *McCullah v. Gadert*, 344 F.3d 655, 660 (7th Cir. 2003). An arrest without probable cause is a violation of the Fourth Amendment, actionable under 42 U.S.C. § 1983. *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) (collecting cases). While a more fully developed record may belie the plaintiff's claims, defendant Moss must respond to the allegations in the complaint.

The clerk shall issue summons for service of the complaint on defendant Moss. The United States Marshals Service is appointed to serve defendant Moss. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If Moss can no longer be found at the work address provided by the plaintiff, the Cottage Grove Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies

**(CONTINUED)**

## STATEMENT (continued)

were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff is cautioned to conduct discovery as soon as possible after defense counsel has entered an appearance in order to ascertain the identities of the "John Doe" police officers. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). In this circuit, a plaintiff typically cannot invoke the relation-back principles of Rule 15(c) to replace an unknown defendant with a named defendant after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Therefore, the plaintiff is encouraged to amend the complaint to name any additional defendants as soon as he is able to do so.

Finally, the plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, — F.3d —, 2007 WL 2850448, at *6 (7th Cir. Oct. 3, 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, a highly experienced litigator, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied.