UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MARTIN, pro se. | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6100 |
| | ) | |
| vs. | ) | |
| | ) | Judge Darrah |
| OFFICER MOSS and JOHN DOE | ) | |
| OFFICERS and STATES ATTORNEY, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Chicago Police Officer Moss, by his attorney, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, file this answer, affirmative defenses and jury demand to Plaintiff's complaint:

**Statement of Claim:**

Malicious Prosecution:

1. On Feb. 17, 2006 I was arrested for possession cntrld substance.

   **ANSWER:** Defendant admits plaintiff was arrested for possession of a controlled substance on February 17, 2006.

2. On March 9 2006, this case was found with nolle prosequi, without leave to "reinstate" in which I stated incarcerated for 21 days until this case was dismiss for or nolle prosequi.

   **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 2.

3. On March 23 on or about, this case where reinstated under Case No. 06-CR-7547-03.

   **ANSWER:** Upon information and belief, Defendant admits that plaintiff was a

criminal defendant in case number 06 CR 0754703. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 3.

4. On April 13, 06 I was giving a 4,000 I-bond on or about Feb 20, 2007 this case was dismiss for "no" probable cause After 12 or 13th months of fighting this case.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. 1. I was no longer able to pay my rent for my appartment so I lost it.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. 2. I was in custody for 21 days in violation of my Constitutional Rights.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was in custody for 21 days. Defendant denies the remaining allegation contained in paragraph 6.

7. 3 - I have to attendance court for about a year or more before this case was dismiss.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. 4 - The State retning control over me untill this case was dismiss on or about Feb. 20, 2007 in violation of my Fourth Amendment.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. I was scarcely at liberty; I remained apprehended, arrested in my movement, indeed "seized" for trial, so long as I was bound to appeal in court and answer the Defendant's charges.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9. Defendant denies any wrongful conduct complained by plaintiff.

10.  5. While incarcerated I had to undergo swabing of the penis area, undue blood testing, sleeping on the floor, eating food that a dog wouldn't eat, being in the cell with two other detainee, being mistreated by staff and detainees.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.  The Defendant's has violated my Constitutional Rights under the 4-5-8-14 Amendment.

**ANSWER:** Defendant denies the allegation contained in paragraph 11.

12.  6 - On September 27-2006 plaintiff, was charge with a "burglary" while waiting trial for the possession, Pcs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.  Plaintiff had to wait untill his possession case was done before he can start perpairing for his burglary charge, "which took 4-to-5 months.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.  That would make the plaintiff's time served for the possession charge almost 6 months in violation of his Constitutional Rights under the 4-5-8-14 Amendment.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14. Defendant denies any wrongful conduct complained of by plaintiff.

## **AFFIRMATIVE DEFENSES**

1. As to all Federal claims, at all times alleged in Plaintiff's Complaint, a reasonable Police Officer, objectively viewing facts and circumstances then confronting Defendant Police Officer Moss, during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within Constitutional limits that were clearly established at the time. Defendant Police Officer Moss is, therefore, entitled to qualified immunity.

2. Where Defendant Police Officer Moss may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff's which were the proximate cause of these injuries.

3. Probable cause is an absolute defense to a Section 1983 false arrest claim and a state law claim of malicious prosecution.

4. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

5. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officer Moss is not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

6. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officer Moss is not liable for any of the claims alleged because a public employee is not liable

for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

7. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officer Moss is not liable for any of the claims alleged because the decision to detain, question and arrest Plaintiff, based upon the information and circumstances known to Defendant at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2002).

8. Under the Illinois Tort Immunity Act, Defendant Police Officer Moss is not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act of omission of another person. 745 ILCS 10/2-204 (2002).

9. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

Respectfully submitted,
*/s/ SanjayPatel*
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06272840

5