United States District Court
Northern District of Illinois
Eastern Division

**FILED**
MAR 3 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Larry Martin, pro se. )      07 C 6106
    Plaintiff, )
vs. )      Judge Darrah
    )      Magistrate Judge Nolan
Officer Moss and John Doe )
Officer and States Attorney, )
    Defendant. )

## Plaintiff's Motion in Respond to Defendant's Answer

Statement of Claim:
Malicious Prosecution:

1. On Feb. 17, 2006, Plaintiff was arrested for possession of a controlled substance.

2. On March 9, 2006, Plaintiff's case was found with "nolle prosequi, without leave to reinstate" in which Plaintiff stated incarcerated for 21 days. until this case was dismiss for nolle prosequi.

3. On March 23, 2006 this case where reinstated under case no. 06-CR-754703.

4. On April 13, 06 Plaintiff was giving a $1,000 I-Bond on or about Feb. 20, 2007, this case was dismiss for "no" probable cause after 12-or-13th months of fighting this case.

5. Plaintiff was in custody for 21 days in violation of his Constitutional Rights.

6. The Plaintiff was scarcely at liberty; and remained apprehended, arrested in his movement, indeed "seized" for trial, so long as he was bound to appeal in court and answer the Defendant's Charges.

7. The Defendant's retning control over Plaintiff untill this case was dismiss on or about Feb. 20, 2007 in Violation of Plaintiff's Fourth Amendment.

8. Plaintiff had to undergo seriously "Physical, Emotional, and Mental Distress" while incarcerated for about six month.

9. On Sept. 27, 2006, Plaintiff was charge with Burglary, but had to wait untill his possession case was done before he could start perpairing for his burglary Charge, which took 4-to-5 months.

10. That would make the Plaintiff's time served for the possession Charge almost 6 months in violation of his Constitutional Rights. Under the 4-5-and 14 Amendment.

# AFFIRMATIVE DEFESES

1. A police Officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime.

2. Probable cause exists if the facts and circumstance known to the officer, and of which he has reasonaly trustworthy information, are sufficient to warrant a Prudent person in believing that the Plaintiff has committed a crime.

3. The mere possibility that the Plaintiff has committed crime is not enough, nor is the hunch, guess, conjecture, or surmise of an officer is not enough, and there must be enough actual "evidence" to reasonably lead to the conclusion that the Plaintiff has committed the crime.

4. Officer Moss and a few other officers had "Surveillance" on a house that the Plaintiff went to visit. When the Plaintiff left that house to go home, that is when officer Moss and another officer was waiting for him at

4-4　The coner of 59th in Perry, They pull there guns out and told Plaintiff to get against there car, Then Officer Moss went into Plaintiff's "Pockets" and retrieved a small bag of "cocaine" less then 5.oo in value.

5.　A protective pat-down or frisk of a person is limited to lightly touching the outer garments of a person to determine whether that person is carring a weapon. Reaching or feeling inside "Pockets" or "Coats" or inside "personal belongings" is a "Search" not a pat-down or frisk and requires "probable cause."

6.　Defendant Officer Moss is liable for the claims against him, because his decision to detain, question and arrest the Plaintiff was base upon a "mere Possibility" that the Plaintiff has committed a crime and that is not "enough," not even the "Hunch, guess, conjecture, or surmise" of officer Moss is not "enough." There must be enough actual "evidence" to reasonable lead to the conclusion that the Plaintiff has committed a crime.

7. The Defendant officer Moss acted "maliciously and without Probable Cause" 745 ILCS 10/2-208 (2002) Defendant officer Moss stopped the Plaintiff with the soul purpose of obtaining information concerning the "People in the house that they had under "Surveillance" on" The other hand, Plaintiff has Proving that Defendant officer Moss Constitute willful and wanton Conduct under 745 ILCS 10/2-202 (2002). Defendant officer Moss told the Plaintiff is he give him the names and let him know how many People in the house, that he would give him a break, and this can be proving by the other two People that he arrested that night, and tryed to obtain statement from them as well.

8. I'm sure that Defendant officer Moss, has been working as an officer of the Law for many years, Therefore, He knew that his "Action" violated the Plaintiff's Constitutional Rights. At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) officer Moss took it upon hisself to leave his surveillance and follow the Plaintiff stop him, question him, and arrest him, in violation of his constitutional Rights. If Defendant

9-8 Officer Moss would have detain, question and arrested one of the "Men" that was in the house that they had surveillance on, then he would have been in his means under 745 ILCS 10/2-201 and "immune from liability". Therefore, Defendant Officer Moss along was "negligence and the Proximate Cause of Plaintiff's injury and damage which recovery are been sought. Plaintiff should be awarded full recovery for "damage."

9. After the Plaintiff has been incarcerated almost six months a trial of facts found in a Suppression Hearing to "Quash Arrest and Suppress Evidence, That the Defendant Officer Moss and the other officer had "No" "Probable Cause" to arrest the Plaintiff, Therefore, they violated the Plaintiff's Constitutional Rights under the 4, 5, and 14 Amendment.

10. As a result of the Defendant's constitutional violation, The Plaintiff was incarcerated for six months, but here the Defendant states that the Plaintiff failed to "mitigate any of his claimed

9-8 Officer Moss had obtain, question, and arrest one of the "Man" in the house that they had

10-10 injuries or damages. I think when you take a person "Life and his Librety" and he loose everything that he ever on while setting in the Cook County Jail in violation of his constitution Rights, I think you have seriously "Damage and injure him for the rest of his life", "physically, Emotionally, and mentally."

Cook County Jail,
P.O. Box 089002
Chicago, IL 60608

Respectfully Submitted,
Larry Martin
2007cc88166
Larry Martin Pro Se,

STATE OF ILLINOIS )
COUNTY OF COOK )
)

RECEIVED

MAR 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## ORDER

I Larry Martin, Pray that this Honorable Court would grant said an "EXTRA" hour and a half per week to enter the "Law Library" To File "Motion and to ReSearch his case" I Further Pray that this Honorable Court would Send a copy to the Cook County Jail informing them of this said order.

Date: _____

/S/ _____,
Judge