Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6100 | 4-14-08 DATE | 4-14-08 |
| **CASE TITLE** | Larry Martin (#2007-0088166) vs. Officer Moss, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's request for a court order granting him additional access to the law library [#24] is denied; however, the court requests that correctional officials grant the plaintiff reasonable access to the jail's law library. The clerk is directed to mail a copy of this order to the Executive Director of the Cook County Jail. The clerk is additionally directed to send the plaintiff another copy of the court's filing instructions.

■ [For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Cottage Grove police officers, falsely arrested him.

The plaintiff has written a letter to the Clerk of Court requesting a court order granting him an extra hour and a half in the jail's law library every week. The request is denied. Inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). The court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed.

Furthermore, because the plaintiff is *pro se* and incarcerated, the court will not hold his briefs and motions to the standards required of an attorney. In addition, if and when the defendants file dispositive motions, the plaintiff may seek an extension of time in which to respond to any such motions. Accordingly, his motion for court-ordered access to the law library is denied.

**(CONTINUED)**

U.S. DISTRICT COURT

2008 APR 15 AM 2:27

mjm

## STATEMENT (continued)

The court nevertheless certifies that the above-captioned civil rights action is pending and requests that correctional officials grant the plaintiff reasonable access to the jail's law library during the pendency of this case. Correctional officials may determine the manner that best accommodates the plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration.

As a final concern, the plaintiff is advised of certain basic filing requirements: (1) any requests for court action must be made by motion (such as "motion for appointment of counsel"), and not by letter; and (2) the plaintiff must file separate documents in separate cases. The plaintiff may not file one document pertaining to multiple cases.