IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MARTIN,          )<br>                              )<br>        Plaintiff,      )<br>  v.                          )<br>                              )<br>OFFICER MOSS;         )<br>                              )<br>        Defendants.   ) | NO. 07 C 6100<br><br>Judge Darrah<br>Magistrate Nolan |

### DEFENDANT MOSS' RULE 12(c)
### MOTION FOR JUDGMENT ON THE PLEADINGS

Now comes Defendant Chicago Police Officer John Moss (herein "Moss"), through his attorney Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, and respectfully request this Court to dismiss plaintiff's amended complaint pursuant to 12 (c) of the Federal Rules of Civil Procedure.

### INTRODUCTION

On November 5, 2007, plaintiff, Larry Martin, filed a complaint with this Court against Moss, John Doe Officers and the Cook County State's Attorney. (*See* Docket Entry (D.E.) No. 7). On this Court's own motion, the complaint was dismissed as to the Cook County State's Attorney, and the only summons to issue was for Moss. (*See* D.E. No. 6). Moss filed an answer to plaintiff's complaint on February 20, 2008. (*See* D.E. No. 19).

### STANDARD

A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one. Paist v. Town & Country Corporation, 744 F.Supp 179, 181 (N.D.Ill. 1990); *citing* Schy v. Susquehanna

Corp., 419 F.2d 1112, 1115 (7th Cir. 1970). A defense of failure to state a claim upon which relief can be granted may be made by motion under Rule 12 (c). Fed. R. Civ. P Rule 12 (h) (West 2007).

A motion for judgment on the pleadings under Rule 12 (c) is subject to the same standard as a motion to dismiss under Rule 12 (b) (6). Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998). Judgment pursuant to Rule 12 (c) is appropriate where it appears beyond doubt that the plaintiff cannot prove any [set of] facts that would support his claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007). In considering a 12 (c) motion, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Forseth v. Vill. of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). The court need not, however, accept as true conclusional legal allegations that the facts do not support. Richardson v. Union Pacific Railroad Company, 2002 WL 31803938 (N.D.Ill.); citing Jackson v. E.J. Brach Corp., 176 F.3d 971, 978 (7th Cir. 1999); Cagan v. Intervest Midwest Real Estate Corp., 774 F.Supp 1089, 1098 n. 11 (N.D. Ill. 1991).

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8 (a) (2) (West 2007). Factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). A complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. Perkins v. Silverstein, 939 F.2d

463, 466 (7th Cir. 1991). Bare legal conclusions attached to narrated facts will not suffice. Strauss v. City of Chicago, 760 F.2d 765, 768 (7th Cir. 1985).

## ANALYSIS

"In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff[] must allege that a government official, acting under a color of law, deprived [him] of a right secured by the Constitution of laws of the United States." Estate of Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007) (citing Christensen v. County of Boone, Illinois, 483 F.3d 454, 457 (7th Cir. 2007)). Liability under Section 1983 requires a plaintiff to show direct, personal responsibility on the defendants' part for those acts and omissions claimed to have deprived the plaintiff of his rights. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

Plaintiff failed to allege that Moss' acts deprived plaintiff of a right secured by the Constitution. Plaintiff merely states "[o]n Feb. 17, 2006, I was arrested for Possession Cntrld (sic) Substance[.]" (See Complaint, p. 6). Plaintiff further alleges "[t]he Defendant's (sic) has violated my constitutional Rights under the 4-5-8-14 Amendment." (See Complaint, p. 7). These acts and conclusions alone do not articulate that Moss had acted in a manner which constituted a violation of plaintiff's constitutional rights. The complaint does not state any fact that establishes a nexis between any alleged act of Moss and the arrest, detention and charging of plaintiff.

Plaintiff makes no specific allegations against Moss, and furthermore, makes no factual allegation Moss disputes for this Court to resolve. (See Answer, D.E. No. 19). Plaintiff merely lists Moss in the caption of the complaint. The reason that a plaintiff, like in the instant case where he is proceeding pro se, is required to associate specific

defendants with specific claims is so these defendants are put on notice of the claim brought against them and so they can properly answer the complaint. *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). In the case at bar, Moss was only able to admit plaintiff was arrested and was a criminal defendant. (*See* Answer, D.E. No. 19). Moss was without knowledge or information sufficient to allow him to either admit or deny all remaining allegations in plaintiff's complaint. (<u>Id</u>.)

Plaintiff's claims are also frivolous in that they lack any arguable bases in both law and in fact. *See* <u>Neitzke v. Williams,</u> 490 U.S. 319, 325 (1989). Plaintiff's complaint is replete with statements relating to his prosecution for possession of a controlled substance for which he was arrested, conditions of incarceration, and the subsequent charging of plaintiff for burglary while his possession of a controlled substance case was pending. (*See* Complaint, p. 7). His complaint is devoid of any articulable facts alleging a viable Section 1983 action. Plaintiff cannot state a claim against Moss simply by including his name in the caption. *See* <u>Collins v. Kibort</u>, 143 F.3d 331, 334 (7th Cir. 1998). Since the complaint doe not include any specific allegations against Moss, plaintiff has failed to state a claim upon which any relief may be granted.

## CONCLUSION

For the reasons stated above, Moss moves this Court for judgment in his favor.

<u>*s/ SanjayPatel*</u>
Sanjay H. Patel
Assistant Corporation Counsel

30 N. LaSalle St.
Suite 1400
Chicago, IL 60602
Attorney No. 6272840
312-742-3902