In The United States District Court, For The Northern District Of Illinois, Eastern Division

Larry Martin,
    Plaintiff,

-vs-

Officer Moss; Et Al
    Defendants.

No. 07 C 6100

Judge Darrah
Magistrate Nolan

FILED
JUN 2 3 2008
6-23-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff's Motion In Respond To The Defendant's Motion For Judge On The Pleading

    Now Comes Plaintiff, Larry Martin, Pro Se, and moves this Honorable Court To Dismiss Defendant's Motion For Judgement on the Pleading and allow the Plaintiff to Amended his Complaint to add the John Doe Defendants and Clarify his Complaint.

## INTRODUCTION

    On November 5, 2007, Plaintiff, Larry Martin, filed a Complaint with

-1-

This Court against Officer Moss, John Doe Officers and the Cook County State's Attorney. (See Docket Entry (Filed 06/07). On this court's own Motion, the complaint was dismissed as to the Cook County State's Attorney, and the only summons to issue was for Moss. (See D.E. No. 6) Moss filed an answer to Plaintiff's complaint on February 20, 2008. (See D.E. No. (9).

## ARGUMENT

1. To State a Claim under 42 U.S.C. 1983 The Plaintiff must allege that (1) The defendant deprived the Plaintiff of a right secured by the Constitution and laws of the United States, and (2) That the Defendant acted under color of State law. See, Starues, 39 F.3d at 1396.

2. To State a Claim for Malicious Prosecution under Illinois Law, a Plaintiff must allege that; (1) He was subjected to judicial proceedings; (2) For which there was "No Probable Cause"; (3) the Defendant instituted or continued

-2-

The proceeding maliciously; (4) The proceeding were terminated in the Plaintiff's favor and (5) There was an injury. See, Curtis v. Bembenek, 48 F.3d 281 (7th Cir. 1995).

3. The Defendant fail to mention that the Plaintiff was giving a (Gerstein Hearing) to determine whether probable cause existed to detain the Plaintiff, Larry Martin, where the trial of facts found that "NO" probable cause existed to detain the Plaintiff.

4. A Fourth Amendment violation exist when an officer arrest a person without probable cause.
On Feb. 17, 2006 Defendant Officer Moss and another John Doe officer arrested the Plaintiff for possession of a controlled substance, in violation of Plaintiff Constitution Rights under the Fourth Amendment.

-3-

5. Plaintiff had a Gerstein hearing under Gerstein v. Pugh 43 L.Ed.2d 54 (1975).

At the Plaintiff's "Gerstein hearing" to determine Probable Cause, on or about Feb. 20, 2007, the trail of facts found that the Defendant Officer Moss and the John Doe Officer had no Probable Cause to arrest Plaintiff and that arrest violated the Plaintiff's Constitution Rights under the Fourth Amendment.

6. Therefore, everything coming from that arrest is a violation of the Plaintiff's Constitution rights under the Fourth Amendment, the Defendant Officer Moss and the John Doe Officer are responsable for violating that Right.

7. Plaintiff has stated clearly in his Complaint that defendant Moss has violated his Constitution Rights under the 4, 5, 8, and 14 Amendment.

-4-

8. Defendant claims that he was only able to admit that Plaintiff was arrested and was a criminal defendant.

9. In defendant's own Answer to Plaintiff's Complaint, at 3, Defendant admitted that the Plaintiff was arrested under Case number 06 CR 0754703.

10. Defendant's Attorney has Plaintiff's case number and he interviewed the Defendants and also has the Discovery. Therefore, he should have knowledge and information sufficient to allow him to admit to all the allegations in the Plaintiff's complaint.

11. Defendant's Attorney should of had knowledge and information sufficient to admit, that on March 9, 2006, Plaintiff's case was found with nolle prosequi without leave to reinstate in which Plaintiff stayed incarcerate for 21 days until this case was dismiss.

12. Defendant's Attorney should have had knowledge and information sufficient to admit that Plaintiff was in fact in custody for 21 days in violation of his Constitution Right, through the arrest reports, but yet the defendant's Attorney denies this knowledge.

13. Plaintiff has stated in his complaint that he attended court for about a year or more before this case was dismiss against him, again Defendant's Attorney knew that Plaintiff's court proceeding lasted over a year, because he had interviewed all of the officers, He also had all of the Discovery that had all of the court proceeding, in them.

14. The Defendant's Attorney states that Plaintiff cannot state a claim against defendant Moss, simply by including his name in the caption, and the Plaintiff's complaint does not include any specific allegations against Moss, and the Plaintiff

-6-

Has failed to state a claim upon which any relief may be granted.

13. In the Plaintiff's complaint, he clearly states, that he was scarcely at liberty; Remained apprehanded, arrested in his movement, indeed "Seized" for trial, so long as he was bound to appeal in court and answer the Defendant's Charges, Defendant means the arresting officer. And the("Record Will Show)" that the Plaintiff has clearly Stated a Claim upon which relief can be granted.

16. On May 19, 2008 Plaintiff filed with the U.S. District Court his motion for Disclosures of Rule 26 (a)(1)(a) (B)(a)(1)(c)(a)(1)(D) and his Notice of Motion and Certificate of Service upon Defendant's Attorney.

17. Instead of Plaintiff recieving his discovery, from the Defendant's Attorney, a motion for Judgment on the Pleading follow, This seem like a Stall

-7-

Tactics, and the Plaintiff are in a desperate need of his discovery so that he may add the John Doe Defendants in his amended complaint and prove that there is grounds that relief can be granted.

18. Plaintiff notice that it states in Defendant's motion for Judgement on the Pleading, and I "quote" And respectfully request this court to dismiss plaintiff's "Amended" Complaint."

19. Plaintiff has "No" knowledge of any "Amended Complaint," But desperate needs his discovery so that he may "Amended" his Complaint to add the John Doe Defendants And an opportunity to "prove" his claim.

Therefore, Plaintiff Pray that this Honorable Court would grant said motion in respond to Defendant's motion for Judgment on the pleading.

— 8 —

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Larry Martin
    Plaintiff, | No. 07 C 6100

v. | Judge Darrah
    | Magistrate Nolan

Officer Moss;
    Defendant.

### Notice of Motion and Certificate of Service

TO: Sanjay Patel
    Assistant Coration Counsel
    30 N. LaSalle St. Suite 1400
    Chicago, Illinois 60602

    Please take notice that I have this day filed with the Clerk of the United States Court for the Northern District of Illinois, Eastern Division, Plaintiff's Respond to Defendant's Motion for Judgment on the Pleading.

    I HEREBY CERTIFY that I have caused true and correct copies of the above and foregoing Notice and Respond to Defendant's

-9-

Motion for Judgment on the Pleading, to be sent the persons named above, and by placing it in the Mail at Cook County Department of Correction at P.O. Box 089002, Chicago, IL 60608 on June 4, 2008.

Respectfully Submitted,

Mr. Jerry Martin

Pro Se, # 20070088166
P.O. Box 089002
Chicago, IL 60608