**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **NO. 07 C 6100** |
| | ) | |
| **OFFICER MOSS;** | ) | **Judge Darrah** |
| | ) | **Magistrate Nolan** |
| **Defendants.** | ) | |

**DEFENDANT MOSS' RULE 12(c) MOTION REPLY**

Defendant Chicago Police Officer John Moss (referred to herein as "Moss"), by his attorney Sanjay H. Patel, Assistant Corporation Counsel of the City of Chicago, respectfully states as follows in reply to plaintiff's response:

Plaintiff persists in advancing a malicious prosecution and Fourth Amendment false arrest claim in his response. However, his response and complaint are devoid of any facts sufficient to support this claim. Although plaintiff need not provide detailed factual allegations to defeat a motion to dismiss, plaintiff's obligation to provide the grounds of his entitlement to relief does require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). A well-plead complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. Id. at 1973-74 & n. 14.

In this case, plaintiff's response merely recites the elements of a malicious prosecution claim, but fails to articulate any reason why his complaint should not be

dismissed. As for his complaint, other than commencing it with the words "Malicious Prosecution", plaintiff fails to state sufficient facts to support his claim entitling him to any relief.

In his response, plaintiff also alluded to a finding of *no probable cause* having been made with respect to the incident from which this case arises. However, he misstates the outcome of the "Gerstein" hearing had pertaining to his arrest for possession of a controlled substance from February 17, 2006. The Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite for any prolonged detention of an individual arrested without a warrant. Gersetin v. Pugh, 420 U.S. 103, 114 (1975). The Supreme Court defined "prompt" by creating a rebuttable presumption that if a judicial determination of probable cause is provided within 48 hours of arrest, the detention is constitutional. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). A judicially noticed fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201 (b) (2). Judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201 (f). A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201 (d). In the instant case, a determination of probable cause was made on February 18, 2006 in Cook County Circuit Court, the day after plaintiff was arrested for possession of a controlled substance. (See Exhibit A) Plaintiff's position that there was a finding of *no probable cause* at his "Gerstein hearing" must therefore fail.

Plaintiff's argument that the undersigned counsel has knowledge of facts based upon interviews of parties and witnesses, and further possesses discoverable material, is

without merit. Federal Rule of Civil Procedure 8 (a) (2) requires a pleading to set forth a claim which shall contain a short plain statement of the claim showing that the pleader is entitled to relief. Bell Atlantic Corp., 127 S.Ct. at 1964. Arguing that the undersigned counsel has knowledge of such facts which have not been pleaded by plaintiff is not grounds for allowing his deficient complaint to survive.

Moss will not address plaintiff's argument restating his motion for Rule 26 (a)(1)(A) disclosures, as this Court has already denied plaintiff's motion. (See Docket Entry (D.E.) No. 35).

Lastly, plaintiff has made a material misstatement in his complaint. The Court's civil rights complaint form instructed plaintiff to "[l]ist all lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including Central and Southern Districts of Illinois)." (See Complaint at 5). The form then advises plaintiff as follows: "[i]f you have filed more than one lawsuit, then you must describe the additional lawsuits on another piece of paper, using this same format. Regardless of how many cases you have previously filed, you will not be excused from filling out this section completely, and failure to do so may result in dismissal of your case." Id.

Despite those admonitions, plaintiff wrote, "Section 1983 07-C-0766" on the complaint forms, failing to mention at least five other federal cases he has filed. Id. More importantly, plaintiff failed to advise the Court in 08 C 1511, that he previously had filed suit asserting the same cause of action he advances in this case. (See Exhibit B) Plaintiff's omission, which might be characterized as a "fraud" on the Court, justifies "immediate termination of the suit." Taylor v. Bell, 2008 WL 2477694, *3-4 (N.D. Ill.); citing Sloan v. Lesza, 181 F.3d 857, 858 (7th Cir. 1999).

For the reasons stated above, Moss moves this Court for judgment in his favor.

_**s/ Sanjay Patel**_
Sanjay H. Patel
Assistant Corporation Counsel

30 N. LaSalle St.
Suite 1400
Chicago, IL 60602
Attorney No. 6272840
312-742-3902