## United States District Court, Northern District of Illinois

H HN

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6100 | DATE | 8-26-08 |
| CASE TITLE | Larry Martin (#2007-0088166) vs. Officer Moss, et al. | | |

**DOCKET ENTRY TEXT:**

The defendant's motion for judgment on the pleadings [#31] is denied. However, the plaintiff is ordered to show good cause in writing why this case should not be dismissed for perpetration of a "fraud" on the court. Failure to show cause within fourteen days of the date of this order will result in summary dismissal of this action. The defendant need not file an answer until the fraud issue is resolved. The plaintiff's motion in response to the defendant's motion for judgment on the pleadings [#36] is terminated. The status conference previously scheduled for August 27, 2008, at 9:00 a.m. is vacated.

■ [For further details see text below.]  Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Cottage Grove police officer, falsely arrested him. [The plaintiff indicates that the charges were ultimately dismissed; he is currently incarcerated once again, on apparently unrelated charges.] This matter is before the court for ruling on the defendant's motion for judgment on the pleadings. For the reasons stated in this order, the motion is denied.

The court employs the same standard in deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as it does in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). To

(CONTINUED)  mjm

satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*, 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

Here, the complaint–though bare bones–sets forth a viable cause of action against the defendant: the plaintiff alleges that he was arrested for possession of a controlled substance on February 17, 2006, and that the trial court ultimately dismissed the charge based on its determination that there was no probable cause for the arrest. An arrest without probable cause is a violation of the Fourth Amendment, actionable under 42 U.S.C. § 1983. *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) (collecting cases). Although the complaint is written in the passive voice, it can safely be inferred that defendant Moss is sued because he was the arresting officer. In fact, the plaintiff specifically clarifies in his response to the motion to dismiss that he is suing Moss for participating in the allegedly false arrest. As a general rule, a plaintiff may assert additional facts in his response to a motion to dismiss, so long as the new allegations are consistent with original pleading. *Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir. 2000); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Moss must therefore respond to the allegations in the complaint.

For the foregoing reasons, the defendant's motion for judgment on the pleadings is denied. The plaintiff's motion in response to the defendant's motion for judgment on the pleadings is terminated as a pending motion on the court's docket.

**(CONTINUED)**

## STATEMENT (continued)

However, in his reply brief, the defendant points out that the plaintiff made a material omission to the court. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Complaint at p. 5 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS . . . REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original).

Despite the court's admonition, the plaintiff noted only one, pending case, failing to identify six other cases he has brought in this district alone, plus another in the Southern Illinois federal judicial district. At least one of the previous dismissals counts as a "strike" against the plaintiff under 28 U.S.C. § 1915(g). *See Martin v. Jack*, Case No. 07 C 3211 (N.D. Ill.), dismissed by Minute Order of June 13, 2007 (Pallmeyer, J.). While defense counsel appears to be mistaken in his contention that Case No. 08 C 1511 involves the same core events giving rise to this lawsuit, the plaintiff's effective "fraud" on the court nevertheless justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because this concern was raised in a reply brief, the plaintiff has not been given the opportunity to address the matter. Accordingly, the plaintiff is ordered to show good cause in writing within fourteen days of the date of this order why this case should not be dismissed for perpetration of a "fraud" on the court. Failure to show cause within fourteen days of the date of this order will result in summary dismissal of this action. The defendant need not file an answer until the fraud issue is resolved.